UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x  15 Civ. 679 (RRM)(RLM)
SAVALOS JACK,

                          Plaintiff,

                                                             SECOND AMENDED
                                                              COMPLAINT

    -against-

                                                              JURY DEMAND

THE CITY OF NEW YORK, DETECTIVE
EMMANUEL KATRANAKIS (Shield # 2326),
DETECTIVE TODD BYRNES (Shield # 5270)
and DETECTIVE PAUL COURTNEY
(Shield # 6982) (Tax # 899086),

                          Defendants.
---------------------------------------------------------------x

SAVALOS JACK (hereinafter "plaintiff"), by his attorney(s) The Law Offices of Wale Mosaku, P.C., complaining of the defendants THE CITY OF NEW YORK, DETECTIVE EMMANUEL KATRANAKIS (Shield # 2326), DETECTIVE TODD BYRNES (Shield # 5270) and DETECTIVE PAUL COURTNEY (Shield # 6982) (Tax # 899086) (hereinafter collectively referred to as "the defendants"), alleges as follows:

<u>NATURE OF THE ACTION</u>

1.     This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and §1985], [and arising under the law and statutes of the State of New York].

<u>JURISDICTION</u>

2.     The jurisdiction of this Court is invoked pursuant to 42 U.S.C. Section 1983, 28 U.S.C. Section 1343, 28 U.S.C. Section 1331, and under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

4. All conditions precedent to the filing of this action have been complied with. On October 31, 2014, within ninety days after the claim(s) alleged in this complaint accrued, a written notice of claim, sworn to by the plaintiff's representative, was served upon the defendant City of New York, by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the applicable Courts. The plaintiff's claim was assigned the number 2014PI033345 by the City of New York's Comptroller's office.

5. At least thirty days have elapsed since the service of the above-mentioned notices of claim, and adjustment or payment of the claims have been neglected or refused.

6. This action, pursuant to New York State and City Law, has been commenced within one year and ninety days after the happening of the event upon which the claims are based.

## THE PARTIES

7. Plaintiff is a black male of full age.

8. At all relevant times, defendants DETECTIVE EMMANUEL KATRANAKIS (Shield # 2326), DETECTIVE TODD BYRNES (Shield # 5270) and DETECTIVE PAUL COURTNEY (Shield # 6982) (Tax # 899086) (hereinafter "defendant officers") were, and upon information and well-founded belief, still are law enforcement officers employed by the Police Department of the City of New York ("NYPD").

9. At all relevant times, the defendant officers were employed as law enforcement officers of the City of New York, State of New York, and were acting under the color of their official capacity and their

10.     acts were performed under color of the statutes and ordinances of the City of New York and/or the State of New York.

10.     The defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and the NYPD.

11.     At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was the employer of the defendant officers through its Police Department, specifically the NYPD, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

12.     Plaintiff sues all defendants in their individual and official capacities.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13.     On or about September 25, 2014, at approximately 05:30 p.m., within his workplace[1], namely Friends of Crown Heights Educational Center, Inc., located at 370 New Lots Avenue, Brooklyn, New York 11207 (hereinafter "subject premises"), the plaintiff was illegally and unlawfully arrested by the defendant officers.

14.     That a few hours prior to his arrest, at approximately 01:00 p.m., the plaintiff had gone to his bank, namely Chase Manhattan Bank, located at 833 Flatbush Avenue, Brooklyn, New York 11226, to engage in a transaction.

15.     At the conclusion of his transaction, as the plaintiff attempted to leave the bank premises, he discovered that the entry/exit doors to the bank had been locked, preventing bank customers, including himself, from exiting/entering the bank premises. The plaintiff asked a security guard what was going on, and was told that the bank had been robbed.

---

[1] The plaintiff is employed as a custodian.

16. As the plaintiff was waiting, another bank employee, who was standing by one of the exit/entrance doors, was obtaining personal identifying information from the bank customers (including the plaintiff), such as name(s) and phone number(s). The plaintiff provided the bank employee with his personal identifying information as requested.

17. As the plaintiff was further waiting for the bank doors to be opened, he observed numerous NYPD officers enter into the bank premises. One of said officers, specifically a female (Caucasian) officer, asked the plaintiff if he had seen anything, and he responded that he had not seen anything, and was not even aware that the bank had been robbed until he was informed of the robbery.

18. Shortly thereafter, the plaintiff was permitted to leave the bank.

19. Later that afternoon, the plaintiff went to work at the subject premises.

20. While the plaintiff was at work, he received a call from a telephone number, specifically (718) 777-8373. When the plaintiff answered the call, a male voice identified himself as a police officer, and informed the plaintiff that he (the officer) wanted ask the plaintiff some questions about the bank robbery incident.

21. The officer also asked if the plaintiff had observed anything, and when the plaintiff responded that he had not, stated that he (the officer) wanted to go to the plaintiff's workplace in order to obtain a statement from him (the plaintiff).

22. At the conclusion of the telephone call, the plaintiff went to inform the Principal of the school of what was going on, but upon arrival at the Principal's office observed some adult males (dressed in plain clothes) with the Principal, who he later realized were police officers.

23. The plaintiff was taken into a room within the subject premises by the defendant officers, and questioned about his activities in the bank earlier that afternoon.

24. The plaintiff explained that he went into the bank, filled out a deposit slip, and then stood in line to see a teller. That when he got to the front of the line, he observed a supervisor speaking with the female teller that had called him over. That as he attempted to hand the female teller his deposit slip, the female teller asked him to "*hold on*" and walked away. That while he was waiting for the female teller to return, he realized that he had made a mistake, by filling out his deposit slip incorrectly. That as such, he ripped up the deposit slip, filled out a new one, and then went to the back of the line. That when he got back to the front of the line, he was called by another teller (male this time), who completed the plaintiff's transaction for him. That upon the completion of his transaction he attempted to leave the bank and realized at that juncture that the doors to the bank had been locked to prevent entry/exit.

25. That as the plaintiff was relaying his actions in the bank, one of the defendant officers kept asking him for a "*green paper*". Another defendant officer then told the plaintiff that his story was "*bullshit*", while another defendant officer told the plaintiff that his statement was "*not matching up*".

26. The plaintiff was then told that he was under arrest.

27. When the plaintiff was informed that he was going to be arrested, he asked the defendant officers not to place him in handcuffs in the school because he would be extremely embarrassed and humiliated if his co-workers and the school children observed him in that condition.

28. In response one of the defendant officers informed the plaintiff that they (the officers) did not care, and that the plaintiff was going to lose his job anyway.

29. At that juncture the plaintiff was placed in handcuffs and taken away from the premises in full view of his co-workers and the school children.

30. At the time he was placed in handcuffs, said handcuffs were secured excessively tightly to the plaintiff's wrists, causing pain and numbness.

31. The plaintiff immediately complained and requested that the defendant officers loosen the handcuffs. In response, the defendant officers refused to loosen the handcuffs, and told the plaintiff that "*that is what happens when bad people do bad things*".

32. Following his arrest, the plaintiff was taken to the "Police Service Area 1" ("PSA 1") precinct, located at 2860 West 23rd Street, Brooklyn, New York 11224.

33. Upon arrival at that location the plaintiff was processed, or otherwise fingerprinted and photographed. When the processing was completed, the defendant officers continued to interrogate the plaintiff.

34. At some juncture, the plaintiff was placed in a line-up by the defendant officers. At the conclusion of the line-up, the plaintiff was informed that he had not been identified as the perpetrator of a crime.

35. Subsequently, at approximately 02:00 a.m. on September 26, 2014, the plaintiff, who was still in his work clothes, was released from custody, taken out of the precinct, and transported back to the subject premises by two uniformed officers.

36. Upon arrival at his workplace, the plaintiff was able to retrieve the keys to his residence, and go home.

37. That there was absolutely no probable cause for the arrest, detention and imprisonment of the plaintiff.

## CAUSE OF ACTION AGAINST EACH DEFENDANT: FALSE ARREST AND FALSE IMPRISONMENT PURSUANT TO NEW YORK STATE LAW AND 42 U.S.C § 1983

38. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 37 of this complaint as though fully set forth herein.

39. The arrest, detention and imprisonment of plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

40. As a result of plaintiff's false arrest and imprisonment, he has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, and has been caused to incur legal expenses, and has been otherwise damaged in his character and reputation.

41. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

42. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

43. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

## CAUSE OF ACTION AGAINST EACH DEFENDANT OFFICER: EXCESSIVE FORCE UNDER 42 U.S.C § 1983

44. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 43 of this complaint as though fully set forth herein.

45. The level of force employed by one or more of the defendant officers was objectively unreasonable and in violation of the plaintiff's constitutional rights.

46. As a result of the aforementioned conduct of the defendant officers, the plaintiff was subjected to excessive force, resulting in physical injuries.

47. As a consequence of the defendant officers' individual and/or collective actions as set forth above, the plaintiff suffered personal injuries, and his constitutional rights were violated. Plaintiff hereby

demands compensatory damages and punitive damages, in the amount of to be determined at trial, against the defendant officers, individually and severally.

## CAUSE OF ACTION AGAINST EACH DEFENDANT OFFICER: FAILURE TO INTERVENE PURSUANT TO 42 U.S.C § 1983

48. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 47 of this complaint as though fully set forth herein.

49. Each and every individual defendant had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above.

50. The individual defendants failed to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so.

51. As a consequence of said defendants' actions, plaintiff suffered loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

## CAUSE OF ACTION AGAINST EACH DEFENDANT: ASSAULT AND BATTERY

52. Plaintiff repeats and realleges paragraphs 1 through 51 as if each paragraph is repeated verbatim herein.

53. At the time of the plaintiff's arrest by the defendant officers, the plaintiff did not challenge nor resist the defendants, nor engage in any threatening behavior towards the defendants.

54. However, as set forth above, the defendant officers assaulted the plaintiff, battered the plaintiff, and subjected the plaintiff to excessive force and summary punishment.

55. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers' acts as described above.

56. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against the defendants, individually and severally.

57. This action, upon information and belief, falls within one or more of the exceptions of CPLR 1602.

WHEREFORE, plaintiff respectfully prays judgment as follows:

1. For compensatory damages against all defendants in an amount to be proven at trial;

2. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

3. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

4. For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
      July 10, 2015

                              LAW OFFICES OF WALE MOSAKU, P.C.

                              By:        /s/

                              Wale Mosaku (AM5872)
                              Attorney for the Plaintiff
                              25 Bond Street, 3rd Floor
                              Brooklyn, N.Y. 11201
                              (718) 243-0994

Shira Siskind, Esq.
Assistant Corporation Counsel
New York City Law Department
Attorney(s) for Defendant
City of New York
100 Church Street
New York, N.Y. 10007
(212) 356-2414

Detective Emmanuel Katranakis (Shield # 2326)
Defendant pro se
New York City Police Department
Brooklyn Major Case Squad
28-60 West 23rd Street
Brooklyn, New York 11224-2308

Detective Todd Byrnes (Shield # 5270)
Defendant pro se
New York City Police Department
Brooklyn Major Case Squad
28-60 West 23rd Street
Brooklyn, New York 11224-2308

Detective Paul Courtney (Shield # 6982) (Tax # 899086)
Defendant pro se
New York City Police Department
Joint Bank Robbery Task Force
I Police Plaza, Room 605
New York, New York 10038

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK: 15 Civ. 679 (RRM)(RLM)
_____
SAVALOS JACK,

                                              Plaintiff,

        -against-

THE CITY OF NEW YORK, DETECTIVE
EMMANUEL KATRANAKIS (Shield # 2326),
DETECTIVE TODD BYRNES (Shield # 5270)
and DETECTIVE PAUL COURTNEY
(Shield # 6982) (Tax # 899086),

                                              Defendants.
_____

                   SECOND AMENDED COMPLAINT
_____

            LAW OFFICES OF WALE MOSAKU, P.C.
                  Attorney(s) for Plaintiff
                  25 Bond Street, 3rd Floor
                   Brooklyn, New York 11201
                        (718) 243-0994
_____
```

**To:**                                   Service of a copy of the within
                                          is hereby admitted.

                                          Dated:................ 201_

**Attorney(s) for Defendants**

_____